WILLIAM BILDERBACK v. FRANKLIN McCONNELL ET AL.

*Foreclosure by owner of notes secured by mortgage not assigned.*

M. gave an attorney for prospective services two notes for $75, secured by mortgage. It was understood, however, that $50 was the amount of the fee unless proofs should be taken. The attorney sold the notes to B. who paid him $50, after which M. notified B. of the nature of the transaction and cautioned him against paying any more. M. also credited B. with the $50 in another transaction, with B.'s knowledge and consent. B. and M. afterwards made a settlement disposing of all matters but two, one of which related to a different mortgage and the other to $33 paid in by M. The first mortgage was not recorded until three years later, six years after it was made. The notes bore ten per cent. interest, but it was never paid or demanded. The payee never indorsed them or assigned the mortgage. *Held,* that B. had no claim against M. on either notes or mortgage.

Appeal from Cass. Submitted Apr. 21. Decided Apr. 25.

Foreclosure. Defendants appeal. Reversed; bill dismissed.

*Spafford Tryon* for complainant.

*John Wooster* and *Oscar Tuthill* for defendants.

Marston, J. The bill in this case was filed to foreclose a mortgage given to secure two promissory notes for seventy-five dollars each payable to the order of James Sullivan, and dated May 29, 1873, payable one year after the date thereof. The complainant claims to be the lawful owner thereof.

The case as made by the complainant is very far from satisfactory in reference to the circumstances under which he obtained these notes and the consideration paid by him therefor. The decided weight of testimony is in favor of the defendant and satisfies us that his version of the transaction is correct. In view of certain litigation about to be commenced by the defendant, he employed certain attorneys and in order to secure them payment of their fees he executed these notes and mortgage. And the amount they were to receive was fifty dollars, unless proofs should be taken in the cause. On giving these notes to Sullivan the latter gave to the defendant a receipt, of which the following is a copy:

"Received of Franklin McConnell two negotiable promissory notes of seventy-five dollars ($75) each, (secured by mortgage of even date on real estate,) as security for the payment of fees and services of myself and associate counsel in a certain matter existing between himself and mother (Mary McConnell) in reference to the settlement of the estate of Breese McConnell, deceased.    Jas. Sullivan.

*Dowagiac, June* 20, 1873."

The complainant paid to Mr. Sullivan, as he claims, one hundred and fifty dollars for these notes, but it is satisfactorily shown that defendant, after the payment of the first fifty dollars, informed him of the nature of the transaction and cautioned him against paying any more. There is considerable evidence tending to show that complainant claimed to have paid out but fifty dollars on these notes and that the

balance of any further sum was a personal loan to Sullivan. It is clearly shown that this fifty dollars was by the defendant credited to the complainant in another transaction with the full knowledge and consent of the latter.

On the 25th of December, 1876, complainant and defendant had a settlement, and to the account forming the basis of their settlement they made and signed a certificate of which the following is a copy:

" This is to certify that all matters to date are settled, of all matters whatever to date except the matter of mortgage on real estate, and also of $33 paid in by said McConnell. Subject to correction within 30 days from date.

WILLIAM BILDERBACK,
FRANKLIN MCCONNELL.

*Dowagiac, December* 25, 1876."

At this time complainant held a mortgage given him by defendant to secure the payment of three hundred dollars, which was the mortgage referred to in this certificate.

The mortgage in controversy was not recorded until February 24th, 1879, nearly six years after the execution thereof. The notes called for ten per cent. interest to be paid annually, but no interest was paid thereon or demanded. The notes were made payable to the order of James Sullivan, but he never endorsed them or made any assignment of the mortgage to complainant, and yet the latter was by far too shrewd and intelligent a man not to know and appreciate the importance of these things.

In view of all these and other facts, we are of opinion that complainant has no legal or equitable claim against the defendant on the notes or mortgage; that the decree must be reversed and the bill dismissed with costs of both courts.

COOLEY and CAMPBELL, JJ. concurred.